649 A.2d 148

**Earl Ray FRANTZ**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 29, 1994.

Decided Oct. 7, 1994.

36

Timothy P. Wile, Harrisburg, for appellant.

John S. Sughrue, Clearfield, for appellee.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Clearfield County (trial court) that sustained the statutory appeal of Earl Ray Frantz (Frantz) from a one-year suspension of his operating privilege imposed by DOT pursuant to Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4.[1] We reverse.

1. Section 6310.4, entitled "Restriction of operating privileges," provides in pertinent part:

> (a) **General rule.**—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section 6307 (relating to misrepresentation of age to secure liquor or malt or brewed beverages), 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or 6310.3 (relating to carrying a false identification card), the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

On July 26, 1991, Frantz was cited for a violation of Section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 (possession or consumption of alcoholic beverages by a person under 21). Frantz was convicted before a district justice and subsequently filed a summary criminal appeal to the trial court. On October 1, 1991, the trial court dismissed Frantz's appeal and affirmed the district justice's judgment. Although both the district justice and the trial court found Frantz guilty, neither ordered the suspension of his operating privileges. On December 9, 1991, the trial court forwarded to DOT a completed form entitled "Report of a Court Ordering the Suspension of Operating Privilege as a Result of a Violation of Chapter 63 of Title 18." A section of that form contained the following order of the court signed by the trial judge and certified by the clerk of courts:

AND NOW, HAVING MADE THE ABOVE RECORDED DISPOSITION IN ACCORDANCE WITH THE MANDATORY PROVISIONS OF 18 PA.C.S. § 6310.4(a), THIS COURT ORDERS THAT THE OPERATING PRIVILEGE OF THIS PERSON BE SUSPENDED. A COPY OF THIS ORDER IS TO BE FORWARDED TO THE DEPARTMENT OF TRANSPORTATION IN ORDER THAT THE SUSPENSION CAN BE IMPOSED IN ACCORDANCE WITH THE PROVISIONS OF 18 PA.C.S. § 6310.4(b).

By official notice dated and mailed January 13, 1992, DOT notified Frantz that, as a result of his conviction, his operating privilege would be suspended for one year pursuant to 18 Pa.C.S. § 6310.4(b) (due to this having been his second of-

(b) **Duration of suspension.**—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple sentences imposed shall be served consecutively.

fense). Frantz subsequently filed a statutory appeal to the trial court.

A de novo hearing was held on July 23, 1992, wherein DOT presented a certified packet of documents which included the form which reported Frantz's conviction to DOT. Frantz presented the criminal court docket sheet as well as a copy of the trial court's order dated October 1, 1991, which dismissed Frantz's appeal and levied a fine of three hundred dollars, plus costs.

The trial court sustained Frantz's present appeal by order dated July 23, 1992. DOT filed a timely notice of appeal to the Superior Court which, after the matter was briefed and argued, transferred the appeal to this Court.

On appeal we are asked to address the following issues: 1) whether the operating privilege suspension imposed by DOT pursuant to 18 Pa.C.S. § 6310.4(b) constitutes part of the criminal judgment of sentence; 2) whether the trial court's directive to DOT must be issued within thirty days of the order of conviction; 3) whether the suspensions mandated by 18 Pa.C.S. § 6310.4 violate the constitutional guarantee of equal protection of the laws; and 4) whether the suspension constitutes an abuse of the State's police power and is therefore violative of Frantz's right to substantive due process.

■ We note that our scope of review is limited to determining if the trial court committed an error of law or abused its discretion and ascertaining if all necessary findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Driver Licensing v. Hardy,* 160 Pa.Commonwealth Ct. 427, 635 A.2d 230 (1993).

■ Initially, DOT alleges that the trial court erred when it concluded that the suspensions mandated by 18 Pa.C.S. § 6310.4 constituted part of the criminal judgment of sentence. We agree. As part of its analysis the trial court relied on our decision in *Duffey v. Department of Transportation, Bureau of Driver Licensing,* 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992), *rev'd,* 536 Pa. 436, 639 A.2d 1174 (1994). At the time of the trial court's decision the Supreme Court

had yet to rule on *Duffey*. In *Duffey* the Supreme Court, concluding that loss of driving privileges is a civil collateral consequence of a conviction for underage drinking under 18 Pa.C.S. § 6308, stated that there is no requirement that a defendant know of this consequence at the time of his guilty plea and that the loss of his driving privileges is " 'irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly.' " *Duffey*, 536 Pa. at 441, 639 A.2d at 1176, (quoting *Commonwealth v. Frometa*, 520 Pa. 552, 555, 555 A.2d 92, 93 (1989)).

■ The second issue is whether the criminal court erred when it failed to enter the order directing suspension within thirty days following Frantz's conviction. DOT responds by arguing that Frantz waived this issue by not raising it before the trial court and, further, that the statute does not require the trial court to direct DOT to suspend a license within thirty days following judgment in the criminal sentence. Frantz argues that the trial court's jurisdiction to modify its sentencing order expired thirty days after the order of conviction, citing Pa.R.A.P. 1701 and Pa.R.C.P. 1410. We note that this is a jurisdictional issue which may not be waived by the parties. *See Calabrese v. Collier Township Municipal Authority*, 430 Pa. 289, 240 A.2d 544 (1968).

■ A review of 18 Pa.C.S. § 6310.4 reveals that Frantz is incorrect. The statute does not require the trial judge to order a suspension as part of the order of conviction, but rather it states that once a person is convicted, then a judge is subsequently required to order DOT to suspend the person's operating privileges. The present case does not involve a modification of a sentence after the order of conviction, it involves the trial judge performing his statutorily imposed duty when he signed a subsequent order directing DOT to suspend Frantz's license. This court does not condone the lengthy delay between the conviction and the directive to DOT, but Frantz has not alleged any prejudice and we believe there was none in light of the letter from DOT dated January

13, 1992, serving as notice of his suspension effective February 10, 1992. Accordingly, Frantz's argument must fail.

DOT also argues that the suspensions imposed by 18 Pa. C.S. § 6310.4 do not violate the constitutional guarantees of due process of law or equal protection under the law. We note that 1 Pa.C.S. § 1922, creates a strong presumption that all legislation promulgated by the General Assembly is constitutional.

■ Frantz asserts that the mandatory suspension is arbitrary and capricious, constitutes an abuse of the Commonwealth's police power, and as such is violative of Frantz's right to substantive due process. Frantz argues that since the underlying criminal offense is not reasonably related to operating a motor vehicle, then there is no rational basis for the imposition of such a penalty. Our Supreme Court has recently examined a similar issue in *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993). Janice Plowman pled guilty to possession of a small amount of marijuana found at her residence and as a result DOT notified her that pursuant to former Section 13(m) of the Controlled Substance Drug, Device and Cosmetic Act (Drug Act), formerly 35 P.S. § 780–113(m) [2] her operator's license was to be suspended for a ninety-day period. Plowman argued on appeal to the Supreme Court that there was no relationship between the suspension imposed and any legitimate state interest because she was not operating a motor vehicle when she committed the offense. The Supreme Court noted that the rational basis test is satisfied if potential benefits to our citizens can be identified as a result of the legislation.

DOT asserts in the present case that one of the intended benefits behind the legislation was a decrease in the number

2. Act of April 14, 1972, P.L. 233, *as amended.* By the Act of July 2, 1993, P.L. 2333 (Act 58), Section 13(m) was repealed and replaced by 75 Pa.C.S. § 1532(c) which contains similar provisions. Former Section 13(m) provided summarily that a licensee's operating privileges shall be suspended for a conviction of possession, sale, delivery, offer for sale, or gift of any controlled substance.

of alcohol-related accidents among 16 to 20 year-olds. DOT further notes that such a benefit has occurred in the first two years since the statute was in effect. We agree that DOT has identified a potential benefit resulting from the legislation. Accordingly, 18 Pa.C.S. § 6310.4 meets the rational basis test and is not violative of Frantz's right to substantive due process.

Finally, Frantz argues that Section 6310.4 is violative of the constitutional guarantee of equal protection of the laws. We disagree. A legislative classification must undergo strict scrutiny regarding equal protection only when the classification interferes with the exercise of a fundamental right or hinders a suspect class. *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The privilege to operate a motor vehicle is not a fundamental right, *Mackey v. Montrym*, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979) nor does age constitute a suspect class, *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Here, the classification is constitutional because it bears a rational relationship to a legitimate state purpose.

Accordingly, we reverse the decision of the trial court and reinstate Franz's one-year suspension of his operating privilege.

## ORDER

AND NOW, to wit, this 7th day of October, 1994, the order of the Court of Common Pleas of Clearfield County at No. 92–315–CD and dated July 23, 1992, is reversed and the Department of Transportation's one-year suspension of Frantz's operating privilege is reinstated.