758 A.2d 1149

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas L. ALBERT, Appellee.**

Supreme Court of Pennsylvania.

Argued March 7, 2000.

Decided Sept. 27, 2000.

Stephen A. Zappala, Jr., Michael W. Streily, James R. Gilmore, Pittsburgh, for the Com., appellant.

Joseph N. Bifano, West Mifflin, Robert E. Stewart, Pittsburgh, for Thomas Albert.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

In this direct appeal, we must determine whether the Allegheny County Court of Common Pleas properly found that Sections 3122.1, 3123(a)(7), 3125(8) and 3126(a)(8) of the Crimes Code, violate the equal protection clauses of the federal and state constitutions. For the reasons that follow, we reverse.

Appellee was charged by criminal information with eleven counts of sexual assault on a minor victim during a period of six months from June 1, 1996 through November 19, 1996.[1] Following a jury trial, Appellee was found guilty of all counts except for one count of criminal attempt.

1. The charges against Appellee arose out of his alleged sexual activity with a 12½ year old girl. Appellee was 39 years old at the time the activity began. He was charged with the following crimes: count 1—rape, 18 Pa.C.S. § 3121(6); count 2—statutory sexual assault, 18 Pa. C.S. § 3122.1; count 3—involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S. § 3123(a)(6); count 4—IDSI, 18 Pa.C.S. § 3123(a)(7); count 5—IDSI, 18 Pa.C.S. § 3123(a)(6); count 6—aggravated indecent assault, 18 Pa.C.S. § 3125(7); count 7—aggravated indecent assault, 18 Pa.C.S. § 3125(8); count 8—criminal attempt (to commit IDSI), 18 Pa.C.S. § 901(a); count 9—indecent assault, 18 Pa.C.S. § 3126(a)(8); count 10—indecent assault, 18 Pa.C.S. § 3126(a)(8); and count 11—corruption of minors, 18 Pa.C.S. § 6301.

Appellee's sentencing was held on January 5, 1998. At that time, the trial court arrested judgment on the following four counts: statutory sexual assault, 18 Pa.C.S. § 3122.1, involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(a)(7), aggravated indecent assault, 18 Pa.C.S. § 3125(8), and indecent assault, 18 Pa.C.S. § 2126(a)(8). The court did so based upon its conclusion that these provisions violate the equal protection clauses of the federal and state constitutions because the provisions criminalize sexual assaults where the victim is less than 16 years old and the offender is four or more years older than the victim. Specifically, the court held that while "the Commonwealth has a clear interest in enacting laws designed to protect children and minors below a certain age . . . there is no rational reason to differentiate among defendants based upon their age." Trial court opinion at 5. Thus, the court only sentenced Appellee on the remaining counts. The Commonwealth then filed a direct appeal to this Court, challenging the trial court's finding that the four provisions are unconstitutional.[2]

The four provisions at issue here read, in relevant part, as follows:

### § 3122.1 Statutory sexual assault

Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

### § 3123 Involuntary deviate sexual intercourse

(a) **Offense defined.**— A person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant:

2. Pursuant to Section 722(7) of the Judicial Code, 42 Pa.C.S. § 722(7), this Court has exclusive jurisdiction of appeals from final orders of a common pleas court in matters where the court has held invalid as repugnant to the Constitution, treaties or laws of the United States, or the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

* * *

(7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

### § 3125 Aggravated indecent assault

Except as provided in sections 3121...3122.1...and 3124.1...a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault, a felony of the second degree, if:

* * *

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

### § 3126 Indecent assault

(a) Offense defined.—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

* * *

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. §§ 3122.1, 3123(a)(7), 3125(8), 3126(a)(8).

 The equal protection clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Likewise, Article 1, Section 26 of the Pennsylvania Constitution provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any

person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. 1, Section 26.

This Court has held that "the equal protection provisions of the Pennsylvania Constitution are analyzed ... under the same standards used by the United States Supreme Court when reviewing equal protection claims under the Fourteenth Amendment to the United States Constitution." *McCusker v. Workers' Compensation Appeal Board*, 536 Pa. 380, 639 A.2d 776, 777 (1994), quoting *Love v. Borough of Stroudsburg*, 528 Pa. 320, 597 A.2d 1137, 1139 (1991). In *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995), this Court set forth an extensive analysis regarding the concept of equal protection, its applicability and the level of scrutiny needed when examining a particular legislative enactment. We stated:

> The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981). However, it does not require that all persons under all circumstances enjoy identical protection under the law. *James v. SEPTA*, 505 Pa. 137, 477 A.2d 1302 (1984). The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, *Robson v. Penn Hills School District*, 63 Pa.Commw. 250, 437 A.2d 1273 (1981), and does not require equal treatment of people having different needs. *Houtz v. Commonwealth, Department of Public Welfare*, 42 Pa.Commw. 406, 401 A.2d 388 (1979). The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, *Heisler v. Thomas Colliery Co.*, 260 U.S. 245, 43 S.Ct. 83, 67 L.Ed. 237 (1922), provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 515 A.2d 1358 (1986). In other words, a classification must rest upon some ground of difference which justifies the classification and have a fair

and substantial relationship to the object of the legislation. *Id.* Judicial review must determine whether any classification is founded on a real and genuine distinction rather than an artificial one. *Equitable Credit and Discount Company v. Geier,* 342 Pa. 445, 21 A.2d 53 (1941). A classification, though discriminatory, is not arbitrary or in violation of the equal protection clause if any state of facts reasonably can be conceived to sustain that classification. *Federal Communications Commission v. Beach Communications, Inc.,* 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). In undertaking its analysis, the reviewing court is free to hypothesize reasons the legislature might have had for the classification. *Federal Communications Commission v. Beach Communications, Inc.; Martin v. Unemployment Comp. Bd. of Review,* 502 Pa. 282, 466 A.2d 107 (1983). If the court determines that the classifications are genuine, it cannot declare the classification void even if it might question the soundness or wisdom of the distinction. *Equitable Credit and Discount Company v. Geier.*

We are also mindful of the different types of classifications and the standards according to which they are weighed: The types of classifications are: (1) classifications which implicate a "suspect" class or a fundamental right; (2) classifications implicating an "important" though not fundamental right or a "sensitive" classification; and (3) classifications which involve none of these. *Id.* Should the statutory classification in question fall into the first category, the statute is strictly construed in light of a "compelling" governmental purpose; if the classification falls into the second category, a heightened standard of scrutiny is applied to an "important" governmental purpose; and if the statutory scheme falls into the third category, the statute is upheld if there is any rational basis for the classification. *Smith v. City of Philadelphia,* 512 Pa. 129, 138, 516 A.2d 306, 311 (citation omitted).

*Curtis,* 666 A.2d at 267–8 (footnote omitted).

Here, the questioned legislation involves a classification based upon a suspected offender's age. It is well settled

that age classifications do not implicate suspect classes and, therefore, do not trigger strict scrutiny review. *Gondelman v. Commonwealth*, 520 Pa. 451, 554 A.2d 896, 899 (1989), *citing Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). *See also Commonwealth v. Wildermuth*, 347 Pa.Super. 640, 501 A.2d 258, 259–260 (1985) (holding that mandatory sentencing law which classified offenders based on relative ages of victims is not a suspect class); *Ligonier Tavern v. Workers' Compensation Appeal Board (Walker)*, 552 Pa.237, 714 A.2d 1008, 1011 (1998) (applying equal protection analysis, it was held that child labor law's age classification was not a suspect class and rational basis test applied); *Frantz v. Department of Transportation*, 168 Pa.Cmwlth. 35, 649 A.2d 148, 151 (1994) (court applied equal protection analysis finding license suspension law's age classification not a suspect class and applying rational basis test).

As the foregoing cases indicate, we must apply the rational basis test where, as here, an age classification is at issue. We have established that:

In applying the rational basis test, we have adopted a two-step analysis. First, we must determine whether the challenged statute seeks to promote any legitimate state interest or public value. If so, we must next determine whether the classification adopted in the legislation is reasonably related to accomplishing that articulated state interest or interests.

*Curtis*, 666 A.2d at 269 (citation omitted).

■ At the outset, we note that neither the legislative provisions at issue here nor the accompanying legislative history for each provision disclose any official statement by the legislature regarding the rationale or policy motivating their enactment. However, under a rational basis analysis, "the government need not have articulated the purpose or rationale supporting its action; it is enough that some rationale may conceivably . . . have been the purpose and policy of the relevant government decisionmaker." *Small v. Horn*, 554 Pa. 600, 722 A.2d 664, 672 (1998), *quoting in part Nordlinger v. Hahn*, 505 U.S. 1, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992).

 As noted earlier, under the rational basis test, if any state of facts can be envisioned to sustain the classification, equal protection is satisfied. *Curtis*, 666 A.2d at 268. Moreover, courts are free to hypothesize reasons why the legislature created the particular classification at issue and if some reason for it exists, it cannot be struck down, even if the soundness or wisdom in creating the distinction is questioned. *Id.*

In the absence of an explicit statement of legislative purpose, the Commonwealth poses the following hypothetical reasons for the age classification set forth in the questioned provisions:

> The Commonwealth submits that the Legislature has a legitimate state interest in protecting children from sexual predators and the harms that children under the age of 16 may experience from both consensual and non-consensual sexual contact with both adults and older teenagers. In general, the immaturity of children under 16 and children four years younger than the actor, who is either an older teenager or adult; warrants governmental protection. The government has a legitimate interest in assuring that a significantly older individual cannot take advantage of a young child's complete lack of knowledge, inexperience or poor judgment. There is a legitimate state interest in fostering healthy surroundings to yield well-adjusted citizens, free of social and psychological scars. *Commonwealth v. Gautieri*, 431 Pa.Super. 412, 636 A.2d 1153, 1156 (1994) (quoting *Commonwealth v. Waters*, 334 Pa.Super. 513, 483 A.2d 855, 861 (1984), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed.2d 697 (1985); and disposing of an equal protection attack based on age distinctions with respect to IDSI [involuntary deviate sexual intercourse], 18 Pa.C.S. § 3123(5)).

Commonwealth's Brief at 16–17. The Commonwealth further articulates why it believes this particular legislation is reasonably related to accomplishing the foregoing state interest. It asserts the following:

The Commonwealth respectfully submits that the Legislature acted with a rational basis in delineating between older teenagers and adults that are more than four years older than children under the age of 16, and teenagers or adults while older than the complainant, still are not more than 4 years older than the child complainant. The Legislature was faced with the reality that sexual relations among teenagers occurs. In addition, the Legislature recognized the seriousness of the problems associated with teenage sexual behavior and crafted four statutes that criminalize sexual contact between children under 16 and significantly older teenagers and adults. The Commonwealth submits that the Legislature properly recognized that unfair advantages of more mature individuals allow them the ability to take advantage of younger less experienced children. The onus of sexual responsibility must be placed on the older more mature individual in the relationship. Consent is not an issue. The physical and psychological protection of young children is at issue. But at the same time, the Legislature was cognizant of the fact that there is an overlapping in social crowds between younger teenagers under 16 years of age and older teenagers over 16 years of age that should not warrant immediate criminalization of sexual contact between them.

* * *

The Commonwealth submits that the Legislature could not turn a blind eye to the reality of a normal teenage experience. In direct response and in recognition of the likelihood, if not certainty, of social interactions between youths of different ages, the Legislature imposed a reasonable four year scale that acknowledges and permits this normal social interaction, yet protects against undue influence of more mature individuals. In effect, the Legislature has set forth a meaningful guideline that allows protection of its legitimate state interest in protecting the young, but that allows for the needed flexibility to only criminalize and penalize

social contact that is predatory in nature and committed by significantly older teenagers and adults.

*Id.* at 17–19.

We agree with the Commonwealth that the subject legislation serves a legitimate state interest, i.e., to protect minors younger than 16 years of age from older teenage and adult sexual aggressors. Such an interest recognizes that older, more mature individuals are in a position that would allow them to take advantage of the immaturity and poor judgment of very young minors. Moreover, we believe that the subject legislation is reasonably related to accomplishing such interest. The legislation is specifically tailored to prevent older teens and adults from preying upon very young minor victims, while recognizing that persons closer in age may be involved in lawful social and sexual relationships. Thus, the legislation meets the rational basis test.

Appellee essentially concedes that if the challenged provisions merely classified offenders on the basis of age, rather than age and marital status, that it "could conceivably be argued that the legislature had a concern over the contact between older individuals and those under age 16." Appellee's Brief at 9. Appellee maintains, however, that if the legislature had a legitimate concern in this regard, "then regardless of marital status of the minor and the defendant, the conduct would be prohibited." *Id.* Appellee further notes that "[i]f the evil sought to be stopped is the sexual contact between adults and these minors, then the marital status would be unimportant." *Id.* Appellee cites our prior decision in *Commonwealth v. Bonadio,* 490 Pa. 91, 415 A.2d 47 (1980), for support in this regard.

In *Bonadio,* this Court held that the voluntary deviate sexual intercourse statute that excluded criminal liability for certain sex acts when committed by married adults, as opposed to unmarried individuals, did not serve the state's "proper role ... in protecting the public from inadvertent offensive displays of sexual behavior, in preventing people

from being forced against their will to submit to sexual contact, in protecting minors from being sexually used by adults, and in eliminating cruelty to animals." *Bonadio,* 415 at 49. Moreover, we concluded that it was "nugatory to suggest that [the provision] promotes a state interest in the institution of marriage." *Id.* at 50. Instead we concluded that the only possible purpose of the provision was to "regulate the private conduct of consenting adults." *Id.* We further noted that the state's role is not to "enforce a majority morality on persons whose conduct does not harm others." *Id.*

Turning to the matter before us, we find our decision in *Bonadio,* dealing with the former voluntary deviate sexual intercourse statute, and the present issue to be inapposite. Here, we are not dealing with regulations relating to the private conduct of otherwise consenting adults. To the contrary, as noted, the state's interest in enacting the subject provisions is to protect young minors from the sexual advances of older teens and adults. The provisions here, unlike the provision in *Bonadio,* serve the state's proper role in "protecting minors from being sexually used by adults." *Bonadio,* 415 at 49.

Moreover, we disagree with Appellee that the marital exemption found in the relevant provisions somehow negates the state's legitimate interest in preventing older teen and adult offenders from taking advantage of minors under the age of 16. The specific goal of the instant statutes is to protect minors from being sexually used or exploited by older teens and adults. If the minor is married to the older individual, the form of comprehensive protection from this person provided by the statutory provisions in question is removed. These provisions actually promote the state's interest in the institution of marriage since, if married, the conduct at issue is not viewed at criminal.

Based on the foregoing, we conclude that the trial court erred in finding Sections 3122.1, 3123(a)(7), 3125(8) and 3126(a)(8) of the Crimes Code violative of equal protection.

Accordingly, we reverse its decision in this regard and remand for resentencing consistent with this opinion.

Jurisdiction is relinquished.