inclination to question the doctrine of merger is no greater now than it was then.

Thus it is unexceptional that the statute would clearly and unambiguously render an executory contract unenforceable without providing for cancellation of a deed after the contract has been consummated. We will therefore reverse the order of Superior Court.

Order reversed.

■

COMMONWEALTH of Pennsylvania,
Appellant,

v.

David BOWLING, Appellee.

Supreme Court of Pennsylvania.

Submitted Oct. 13, 2000.
Decided Jan. 16, 2001.

Michael W. Streily, Pittsburgh, for Commonwealth of PA.

Mitchell A. Kaufman, Pittsburgh, for David Bowling.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

***ORDER***

PER CURIAM.

Based upon our decision in *Commonwealth v. Albert,* 563 Pa. 133, 758 A.2d 1149 (2000), the Order of the Allegheny County Common Pleas Court is reversed and the matter is remanded for further proceedings.

Jurisdiction is relinquished.

■

COMMONWEALTH of Pennsylvania,
Appellant,

v.

Isaac Lamar McCOY, a/k/a Isaac
Lynarr McCoy, Appellee.

Supreme Court of Pennsylvania.

Submitted Oct. 13, 2000.
Decided Jan. 16, 2001.

James Robert Gilmore, Pittsburgh, for Commonwealth of Pennsylvania.

Patrick J. Thomassey, Monroeville, for Isaac Lamar McCoy.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

***ORDER***

PER CURIAM.

Based upon our decision in *Commonwealth v. Albert,* 563 Pa. 133, 758 A.2d 1149 (2000), the Order of the Allegheny County Common Pleas Court is reversed and the matter is remanded for further proceedings.

Jurisdiction is relinquished.