COMMONWEALTH of Pennsylvania,
Appellee,

v.

Geoffrey Willard ATWELL, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 20, 2001.
Filed Oct. 18, 2001.

Roy A. Keefer, Gettysburg, for appellant.

Michael A. George, Asst. Dist. Atty., Gettysburg, for Commonwealth, appellee.

Before: JOHNSON, STEVENS, and CERCONE, JJ.

JOHNSON, J.

¶ 1 Geoffrey Atwell appeals from the Judgment of Sentence imposed following his conviction for aggravated harassment by a prisoner. Atwell challenges the constitutionality of the Crimes Code provision under which he was convicted. Atwell also asserts that the trial judge failed to sequester witnesses as requested. For the following reasons, we affirm.

¶ 2 Two Pennsylvania State Police troopers accompanied Atwell from his residence, Adams County Prison, to the Office of District Justice. The troopers alleged that Atwell became disorderly en route and spat on the back of the head of one of the troopers. The Commonwealth charged Atwell with aggravated harassment by prisoner. *See* 18 Pa.C.S. § 2703.1. At the commencement of trial, Atwell moved for sequestration of the troopers during their testimony. The Commonwealth immediately stated its opposition to sequestration during opening remarks but conceded the appropriateness of sequestering the troopers during their testimonies. The trial court granted Atwell's motion and the troopers were sequestered during their testimony. Both troopers heard counsels' opening statements. The jury found Atwell guilty as charged. Shortly after sentencing, Atwell appealed to this Court.

¶ 3 In his brief, Atwell asks us to consider:

I. Did the Lower Court commit reversible error in denying the Defendant's Motion to sequester police witnesses during the opening argument of the Commonwealth?

II. Is the crime of Aggravated Harassment by a Prisoner, 18 Pa.C.S.A. 2703.1, unconstitutional for being in violation of the Equal Protection clauses of the Con-

stitutions of the United States and the Commonwealth of Pennsylvania?

Brief for Appellant at 3. We will address Atwell's second issue first because it presents a threshold question of law.

¶ 4 When an appellant challenges the constitutionality of a statute, he or she presents this Court with a question of law. *See Commonwealth v. Means,* 773 A.2d 143, 145 (Pa.2001). Our consideration of questions of law is plenary. *See id.*

¶ 5 Properly enacted legislation is presumed constitutional. *See id.* at 147. The burden of persuasion to show constitutional infirmity rests heavily on the appellant. *See id.* Our Supreme Court instructs this Court to pronounce a statute unconstitutional only when we find that it "clearly, palpably and plainly violates the constitution." *Id.*

¶ 6 Atwell asserts that there is no rational relationship between inmates, the class whose conduct the statute was enacted to control, and the legislative goal. Brief for Appellant at 8. A statute whose classification does not involve a fundamental right or a suspect class will not violate the Equal Protection Clause so long as there is a rational relationship between the discrimination and some valid governmental matter. *See Cent. State Univ. v. Am. Ass'n of Univ. Professors, Cent. State Univ.,* 526 U.S. 124, 127, 119 S.Ct. 1162, 143 L.Ed.2d 227 (1999). The rational relationship requirement prohibits legislators from forming statutes around classes and goals whose relationship to one another is so thin that no functional relationship exists at all. *See City of Cleburne, Texas v. Cleburne Living Ctr.,* 473 U.S. 432, 446, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

¶ 7 "The government need not have articulated the purpose or rationale supporting its action." *Commonwealth v. Albert,* 563 Pa. 133, 758 A.2d 1149, 1152 (2000). A rational basis analysis does not require this, or any other court, to find an explanation as to why inmates and free persons are punished differently for the same offense. *See id.* "[I]t is enough that some rationale may conceivably...have been the purpose and policy of the relevant government decision maker." *Id.*

¶ 8 In its opinion, the trial court identifies the deterrent effect an increased punishment can have on an inmate's conduct. Trial Court Opinion, 5/30/01, at 4. We agree that this potential effect constitutes a rational basis for the statute Atwell challenges. In addition, Atwell does not argue that he is being treated differently than other prisoners who spit on troopers— people with whom he is similarly situated. We agree with the trial court that Atwell has not suffered a Constitutional violation.

¶ 9 We now turn to Atwell's first issue. Atwell invites this Court to find that the trial court abused its discretion when it permitted the troopers to remain in the courtroom during opening arguments. Brief for Appellant at 6. Atwell contends that he requested sequestration for the entire trial. Brief for Appellant at 7.

¶ 10 Our standard of review on a trial court's decision to sequester witnesses is based on abuse of discretion. *See Cooper v. Delaware Valley Med. Ctr.,* 539 Pa. 620, 654 A.2d 547, 553 (1995). Thus, to establish the court's ruling as a basis for a new trial the appellant must demonstrate that the trial court failed to apply the law correctly or acted for reasons of bias or other factors unrelated to the merits of the case. Our scope of review for this analysis is plenary. *See id.*

¶ 11 Requests for sequestration "should be as specific as possible and supported by reasons aimed at the inter-

ests of justice." *Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026, 1031 (1978). A general request is insufficient. *See id.* A court does not err simply because it fails to grant an appellant relief for which he does not ask. *See id.*

¶ 12 The record belies Atwell's assertion that his request was denied. Rather, the court granted his request exactly as he made it. The record reads as follows:

[Defense Counsel]: Before we begin I would ask for sequestration of Troopers Grahm and Bloschichak obviously *during their testimony.*

[Prosecution]: Your Honor, I would object during the opening. I think they have the right to be in the courtroom during the opening argument. Trooper Bloschichak will be the first Commonwealth witness. I understand Trooper Grahm would need to be sequestered and there is no objection to that.

\* \* \* \* \* \*

THE COURT: We'll allow them to be in the courtroom during the opening and then step out afterwards.

N.T., 2/27/01, at 4 (emphasis added).

¶ 13 The foregoing excerpt demonstrates that Atwell requested that each trooper be absent only during the other's testimony. The prosecution, while agreeing with Atwell's motion, informed the court that it objected to sequestration for the opening remarks. Atwell did not ask that the troopers be removed during opening statements. Nor did he ask for them to be absent during any other possible witness testimony. Atwell merely requested sequestration during each trooper's testimony. The court granted Atwell's request. Accordingly, we concluded that Atwell's assertion of error is not supported by the record and is therefore meritless.

¶ 14 Judgment of sentence AFFIRMED.