**Leon BLANCHARD, Petitioner,**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2001.

Decided Oct. 26, 2001.

Kirk J. Henderson, Pittsburgh, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

Before COLINS, FRIEDMAN, Judges, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Leon Blanchard (Blanchard) petitions for review of the December 13, 2000 order of the Pennsylvania Board of Probation and Parole (Board), which denied Blanchard's administrative appeal challenging the Board's failure to give him credit on his original sentence for the time he spent in custody awaiting disposition of new criminal charges. We affirm.

In 1994, Blanchard was sentenced to serve two to ten years in prison for burglary and theft by deception. (O.R. at 1.) On January 18, 1996, Blanchard was released on parole and instructed to report to the Pittsburgh District Office. (O.R. at 5–6.) When Blanchard failed to report as instructed, the Board declared Blanchard delinquent as of June 5, 1996. (O.R. at 6, 8–9.) Blanchard was arrested, recommitted, re-paroled and, once again, instructed to report to the Pittsburgh District Office. (O.R. at 9, 11, 12.)

In October 1997, the Board issued an order allowing Blanchard to move to Philadelphia so that a physician there could treat him for a serious medical condition. (O.R. at 14, 53.) After Blanchard moved, however, he never reported to the Philadelphia District Office. (O.R. at 47–48.) As a result, the Board declared Blanchard delinquent as of January 29, 1998. (O.R. at 15.)

On February 26, 1999, Blanchard was arrested in Pittsburgh and was charged with violating certain drug laws, resisting arrest, aggravated assault and criminal conspiracy. (O.R. at 17.) Blanchard did not post bail. (O.R. at 17.) On April 29, 1999, the Board issued a detainer warrant. Subsequently, the Board held a violation hearing and, on May 25, 1999, issued a decision to recommit Blanchard as a technical parole violator (TPV), when available, to serve twelve months backtime. (O.R. at 18, 19.)

On May 23, 2000, Blanchard pled guilty to resisting arrest.[1] (O.R. at 20.) He

1. The remaining charges were withdrawn.

The record indicates that Blanchard was a

received a sentence of two years probation, effective upon his release to the community. (O.R. at 21.) After conducting a revocation hearing, the Board recommitted Blanchard as a convicted parole violator (CPV) to serve six months consecutively with the twelve months he received as a TPV. (O.R. at 69.) In recalculating Blanchard's parole violation maximum date, the Board gave Blanchard no credit for the time he spent in custody awaiting disposition of the criminal charges. (O.R. at 68.)

██ Blanchard filed an administrative appeal, arguing that the Board erred in failing to give him credit for the time he served from April 29, 1999, when the Board issued its detainer, until his conviction and sentencing on May 23, 2000. (O.R. at 71–72.) The Board denied the administrative appeal, explaining that, under *Smarr v. Pennsylvania Board of Probation and Parole*, 748 A.2d 799 (Pa. Cmwlth.2000), Blanchard is not entitled to credit for the time he spent in custody awaiting disposition of his criminal charges. As in *Smarr*, Blanchard did not post bail and received a sentence of probation. (O.R. at 73.) Blanchard now petitions this court for review of the Board's decision.[2]

Blanchard argues that the Board's failure to give credit for time spent in custody awaiting disposition of new criminal charges to an indigent parolee who did not post bail violates the equal protection and due process clauses of the federal and state constitutions. We disagree.[3]

### I. Equal Protection

██ The equal protection provisions of the federal and state constitutions are analyzed under the same standards. *Commonwealth v. Albert*, 563 Pa. 133, 758 A.2d 1149 (2000). "The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly." *Id.* at 138, 758 A.2d at 1151 (quoting *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995)). The starting point of equal protection analysis is a determination of whether the state has created a classification for the unequal distribution of benefits or imposition of burdens. *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 515 A.2d 1358 (1986). The argument here is that state law has created two classes of parolees and, in doing so, has imposed an unequal burden on one class.

The **first class** consists of those parolees who are arrested on new criminal charges, who are subject to a Board warrant, *who*

victim of mistaken identity.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3. Blanchard claims that, in his administrative appeal, he argued that he was entitled to credit from February 26, 1999, the date of his arrest, to May 23, 2000. (Blanchard's brief at 11 n. 1.) The record does not support this claim.

In his administrative appeal, Blanchard argued that the Board erred in not giving him

credit for the time he served *"while under the Board's detainer* ... until the date of his new conviction and sentencing on May 23, 2000.*"* (O.R. at 71) (emphasis added). Blanchard asked the Board to give him credit for time served *"under the Board's detainer* ... until his new conviction on May 23, 2000....*"* (O.R. at 72) (emphasis added). Clearly, Blanchard only sought credit for the time he spent in custody from April 29, 1999, when he came under the Board's detainer, to May 23, 2000. Thus, we will not address whether Blanchard is entitled to credit for the time he spent in custody from February 26, 1999 to April 29, 1999.

*post bail,* who are convicted of the new charges, who receive a sentence of probation and who successfully complete probation. The **second class** consists of those parolees who are arrested on new criminal charges, who are subject to a Board warrant, *who do not post bail,* who are convicted of the new charges, who receive a sentence of probation and who successfully complete probation. The first class of parolees receives credit on the parolees' original sentences for time spent in custody pending disposition of the new criminal charges; the second class receives *no* credit.[4]

The problem with Blanchard's argument is that state law does not impose unequal burdens on the two classes; the burden on indigent parolees who do not post bail and lose credit for time served is self-imposed. Rule 4008 of the Pennsylvania Rules of Criminal Procedure allows a parolee to seek modification of bail at any time prior to verdict. Pa. R.Crim. P. 4008.[5] This means that, when the Board issues a warrant, a parolee can file a motion for modification of bail requesting nominal bail. *See* Pa. R.Crim. P. 4003(c).[6] There is no evidence that Blanchard did so here.

## II. Due Process

 Fundamental fairness is the touchstone of due process. *Pettibone v.*

*Pennsylvania Board of Probation and Parole,* 782 A.2d 605 (Pa.Cmwlth.2001). Blanchard contends it is unfair that, upon successful completion of probation, he will receive no credit for the time he spent in custody pending disposition of new criminal charges. To eliminate this unfairness, Blanchard argues that he should be given the credit now. (Blanchard's brief at 14–15.) However, given the fact that Blanchard could have taken steps under the bail rules to ensure that he received credit on his original sentence, we are not persuaded by this argument. The process is fair, but Blanchard did not use the process.[7]

Accordingly, we affirm.

### ORDER

AND NOW, this 26th day of October, 2001, the order of the Pennsylvania Board of Probation and Parole, dated December 13, 2000, is hereby affirmed.

4. We point out that Blanchard does not belong to either class because he had not yet successfully completed probation. Indeed, his sentence of probation will not begin until he is released to the community. If Blanchard violates the terms of his probation and is sentenced to prison, he will receive credit for the time he spent in custody awaiting disposition of the new criminal charges.

5. This rule is now Pa. R.Crim. P. 529.

6. This rule is now Pa. R.Crim. P. 524.

7. Blanchard also argues that the process is not fair because, in this case, it results in an illegal sentence. Blanchard maintains that he received two years probation, the maximum term for which a defendant could be confined for resisting arrest, *plus* the one year and three months in prison from February 1999 to May 2000. Blanchard asserts that his total sentence, then, is three years and three months. (Blanchard's brief at 15–16.) However, this court may not address the legality of Blanchard's sentence. *See Battle v. Pennsylvania Board of Probation and Parole,* 44 Pa. Cmwlth. 380, 403 A.2d 1063 (1979). If Blanchard believed his sentence was illegal, Blanchard should have challenged it.