J-S31030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LORI JEAN JOHNSON | |
| Appellant | No. 1546 MDA 2015 |

Appeal from the Judgment of Sentence August 27, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000178-2015

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 08, 2016**

Lori Jean Johnson appeals from the judgment of sentence imposed August 27, 2015, in the Adams County Court of Common Pleas.  The trial court sentenced Johnson to a term of 72 hours to six months' partial confinement with work release, after she was convicted of two counts of driving under the influence of alcohol ("DUI"), and a summary violation of driving on roadways laned for traffic.[1]  On appeal, Johnson raises two claims concerning the denial of her admission into the Commonwealth's accelerated

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1) (incapable of safe driving) and (c) (highest rate), and 3309(1), respectively.

rehabilitative disposition ("ARD") program. For the reasons below, we affirm.

The facts and procedural history underlying Johnson's appeal are as follows. On December 26, 2014, an officer found Johnson sitting in her vehicle, which was stopped on railroad tracks. The officer then arrested her for suspicion of DUI. A subsequent blood test revealed a blood alcohol content of .185%. Johnson was later charged with the above-mentioned two counts of DUI, as well as the summary offenses of driving on roadways laned for traffic and trespass by motor vehicle.[2]

On June 3, 2015, Johnson filed a motion requesting the trial court compel her admission into the ARD program and remit the costs of the program. She averred the Commonwealth offered her ARD with the condition she pay for the cost of the program ($1,795.00) over the nine-month period she would be enrolled in the program. Motion to Compel Admission into the ARD Program and Remit Costs of the Program, 6/3/2015, at ¶ 2. Johnson claimed, however, that she was indigent, and requested the trial court direct the costs be remitted "or at least reduced[.]" *Id.* at ¶ 7. The trial court conducted a hearing on June 22, 2015, to determine Johnson's financial ability to pay for the costs associated with the ARD program. Following the hearing, the court entered an order denying

---

[2] *See* 75 Pa.C.S. § 3717(a).

Johnson's motion. The court specifically concluded Johnson "has the financial ability to make payments toward the ARD program fees." Order, 6/22/2015.

Thereafter, on August 27, 2015, the case proceeded to a bench trial on stipulated facts. As noted above, the trial court found Johnson guilty of two counts of DUI, and one of the summary offenses.[3] That same day, the court sentenced Johnson to 72 hours to six months' partial confinement and a $1,000.00 fine for DUI (highest rate). The trial court directed that Johnson be paroled at the completion of her minimum sentence, and immediately eligible for work release.[4]

Johnson thereafter filed a timely post-sentence motion, claiming the Commonwealth's failure to institute a system to allow indigent defendants to participate in the ARD program was a violation of the equal protection clause of the United States and Pennsylvania Constitutions. **See** Post-Sentence Motion, 9/4/2015, at ¶ 6. Further, she requested the court vacate her sentence, admit her into the ARD program, and either remit or reduce the program costs "to a level equal to what payments per month would normally be set at through the Clerk of Courts (likely $40/month for a total of $360)."

_____

[3] The trial court found Johnson not guilty of trespass by motor vehicle.

[4] The second count of DUI merged with the first for sentencing purposes, and the court directed Johnson pay a $25 fine for the summary violation.

- 3 -

*Id.* at ¶ 9. The trial court denied the motion, and this timely appeal followed.[5]

Johnson raises the following two claims on appeal:

I. Whether the Commonwealth violated the equal protection clause of the 14th amendment of the United States Constitution and Article I, Section 1 of the Pennsylvania Constitution by not implementing a system to allow indigent defendants, like [Johnson], to participate in the ARD program[?]

II. Whether the lower court abused its discretion by not reducing the fines associated with the ARD program for [Johnson] who reasonably believed she would be unable to pay them[?]

Johnson's Brief at 6.

In her first issue, Johnson raises a constitutional challenge to the Commonwealth's application of the ARD statute. Specifically, she argues the Commonwealth violated her equal protection and due process rights, under both the United States and Pennsylvania Constitutions,[6] because it has not implemented "a system to either remit or at least lower the costs of the ARD program for … indigent defendants." Johnson's Brief at 11.

---

[5] On September 14, 2015, the trial court ordered Johnson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Johnson complied with the court's directive, and filed a concise statement on October 1, 2015. We note that the trial court also granted Johnson's application for bail pending appeal.

[6] *See* U.S. CONST. amend. XIV and PA. CONST. art. I, § 1.

The determination of whether an equal protection or due process violation occurred is a question of law, such that our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Smith**, 131 A.3d 467, 472 (Pa. 2015); **Commonwealth v. Atwell**, 785 A.2d 123, 125 (Pa. Super. 2001).

Preliminarily, we agree with the Commonwealth's assertion that Johnson's due process claim is waived because she failed to raise it before the trial court in either her post-sentence motion or court-ordered concise statement. **See** Commonwealth's Brief at 18. **See also** Post-Sentence Motion, 9/4/2015; Statement of Errors Complained of on Appeal, 10/1/2015. It is axiomatic that issues not raised before the trial court or in a court-ordered concise statement are waived on appeal. Pa.R.A.P. 302(a); **Commonwealth v. Diamond**, 83 A.3d 119, 136 (Pa. 2013), *cert denied*, 135 S.Ct. 145 (U.S. 2014). Accordingly, we will restrict our focus to Johnson's equal protection challenge.[7]

_____

[7] We note that even if we were to consider Johnson's due process argument, we would conclude she is entitled to no relief. A panel of this Court considered a similar due process challenge in **Commonwealth v. Melnyk**, 548 A.2d 266 (Pa. Super. 1988), *appeal denied*, 562 A.2d 319 (Pa. 1989). In that case, the Commonwealth refused to recommend the defendant for ARD because she could not demonstrate "a present ability to pay restitution[.]" **Id.** at 267. Although the defendant raised both a due process and equal protection challenge, the panel focused on the due process claim, and opined:

> [I]n ARD determinations, the district attorney and the court must inquire into the reasons for the petitioner's inability to pay

*(Footnote Continued Next Page)*

"The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly."[8] *Commonwealth v. Albert*, 758 A.2d 1149, 1151 (2000). In *Bearden v. Georgia*, 461 U.S. 660, (1983), the United States Supreme Court considered an equal protection challenge focused on the defendant's indigency. In that case, the trial court revoked the defendant's probation,

*(Footnote Continued)* ───────────

> restitution. If the petitioner shows a willingness to make a bona fide effort to pay whole or partial restitution, the State may not deny entrance to the ARD program. If the petitioner has no ability to make restitution despite sufficient bona fide efforts to do so, the State must consider alternative conditions for admittance to and completion of the ARD program. To do otherwise would deprive the petitioner her interest in repaying her debt to society without receiving a criminal record simply because, through no fault of her own, she could not pay restitution. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 272. The *Melnyk* Court provided the defendant with relief because the trial court had simply determined the defendant was unable to pay restitution and denied him admission in the ARD program, without considering any alternatives.

Conversely, in the present case, the Commonwealth **recommended** Johnson for the ARD program, and the trial court conducted a hearing on Johnson's purported indigency. However, the court determined Johnson had the financial ability to pay the ARD program costs. Accordingly, both the Commonwealth and the court ensured that Johnson's purported indigency did not deprive her of "fundamental fairness required by the Fourteenth Amendment." *Id.*

---

[8] We note "the equal protection provisions of the Pennsylvania Constitution are analyzed ... under the same standards used by the United States Supreme Court when reviewing equal protection claims under the Fourteenth Amendment to the United States Constitution." *Albert*, *supra*, 758 A.2d at 1151 (quotation omitted).

and sentenced him to a term of imprisonment, based solely on the defendant's failure to pay a fine. The Court opined:

> There is no doubt that the State has treated the petitioner differently from a person who did not fail to pay the imposed fine and therefore did not violate probation. To determine whether this differential treatment violates the Equal Protection Clause, one must determine whether, and under what circumstances, a defendant's indigent status may be considered in the decision whether to revoke probation. This is substantially similar to asking directly the due process question of whether and when it is fundamentally unfair or arbitrary for the State to revoke probation when an indigent is unable to pay the fine. Whether analyzed in terms of equal protection or due process, the issue cannot be resolved by resort to easy slogans or pigeonhole analysis, but rather requires a careful inquiry into such factors as "the nature of the individual interest affected, the extent to which it is affected, the rationality of the connection between legislative means and purpose, [and] the existence of alternative means for effectuating the purpose ...."

> * * *

> [T]he State cannot "impos[e] a fine as a sentence and then automatically conver[t] it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full." In other words, if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it. [Prior precedent] carefully distinguished this substantive limitation on the imprisonment of indigents from the situation where a defendant was at fault in failing to pay the fine. As the Court made clear …, "nothing in our decision today precludes imprisonment for willful refusal to pay a fine or court costs." Likewise [], the Court "emphasize[d] that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so."

*Id.* at 667-668 (citations and footnotes omitted).

Here, the focus is on the state's ARD program, which involves "a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." **Commonwealth v. Lutz**, 495 A.2d 928, 931 (Pa. 1985). Pennsylvania Rule of Criminal Procedure 316 provides, *inter alia*, "the conditions of the program may include the imposition of costs, the imposition of a reasonable charge relating to the expense of administering the program, and such other conditions as may be agreed to by the parties." Pa.R.Crim.P. 316(A). However, the Comment to the Rule acknowledges "[t]he practice has been to permit qualified individuals who are indigent to participate in the ARD program without payment of costs or charges." **Id.**, Comment.

Johnson asserts that both Commonwealth and the trial court herein have ignored the mandate of Rule 316 by failing to remit or reduce the ARD program costs for indigent defendants, such as herself. She states:

> [D]efendants across the state like [Johnson], are living in desperate financial situations, but are being required to pay exorbitant amounts of money to participate in a program that is designed for the benefit of all, but is just benefitting those who have comfortable financial situations. And if they fail to do this then they are commonly serving jail time and receiving criminal records which only exasperate their already dire financial situations. This appears to be a violation of the Equal Protection Clause in that the indigent are not being treated similarly to the affluent[.]"

Johnson's Brief at 13. She further argues: "it is a violation of the fairness implicit in the 14th Amendment to force defendants, like [Johnson], to have to file motions to compel admission into the ARD Program." *Id.* at 16.

We find no equal protection violation. Here, the Commonwealth treated Johnson, a purported indigent, the same as any other defendant, and **recommended** her admission into the ARD program. However, when Johnson averred that she could not pay the costs of the program, which is required of all defendants, the trial court conducted a hearing to determine Johnson's ability to pay. The court was not obligated to blindly accept Johnson's assertion that she could not afford to pay the costs of the ARD program. After the hearing, the court determined Johnson had the financial ability to pay, and denied her motion to reduce or remit the program costs.[9] Accordingly, Johnson was not denied equal protection under the law, and her first argument fails.

---

[9] We note Johnson asserts the District Attorney's Office should have had a specific system in place "to offer reduced fines and costs for indigent defendant[s] seeking admission into ARD," so that such defendants are not "force[d]" to file a motion to compel admission. Johnson's Brief at 16. However, she fails to explain how the procedure which occurred in the present case was unconstitutional. The Commonwealth recommended Johnson for ARD without regard to her financial resources. When she believed she could not pay the costs associated with the program in the designated time period, she filed a petition with the trial court, which then conducted a hearing. Under this scenario, Johnson's rights were protected.

Second, Johnson contends the trial court abused its discretion in failing to reduce or remit the costs associated with the ARD program.

It is well-settled that "[a]dmission to an ARD program is not a matter of right, but a privilege." *Lutz*, *supra*, 495 A.2d at 935. The decision to recommend a defendant for ARD lies solely in the prosecutor's discretion. *Commonwealth v. Cline*, 800 A.2d 978, 981 (Pa. Super. 2002), *appeal denied*, 822 A.2d 703 (Pa. 2003). "Once the Commonwealth submits an ARD recommendation, the trial court is vested with the discretion to decide whether to accept the recommendation." *Id.*

Here, the trial court did not deny Johnson admission into the ARD program. Rather, the court refused to reduce or remit the costs associated with the program. As noted above, Rule 316 specifically permits the court to impose the payment of program costs as a condition of ARD. *See* Pa.R.Crim.P. 316(A). The Comment to the Rule clarifies, however, that otherwise qualified indigent defendants should be permitted to participate in ARD without the payment of costs or charges. *See id.*, Comment. Accordingly, in the present case, when Johnson averred she was indigent and unable to pay the costs associated with her admission into the ARD program, the court conducted a hearing to determine whether she was financially able to pay the ARD costs. Similar to an *in forma pauperis* determination, we find "[t]he trial court has considerable discretion in determining whether a person is indigent … [and]  in making that determination, it must focus on whether the person can afford to pay and

cannot reject allegations in an application without conducting a hearing." ***Commonwealth v. Cannon***, 954 A.2d 1222, 1226 (Pa. Super. 2008) (holding trial court did not err in denying motion to appoint expert witness when defendant failed to establish indigency) (quotation omitted), *appeal denied*, 964 A.2d 893 (Pa. 2009).

In the present case, Johnson argues the court abused its discretion by not, at the very least, reducing the administrative cost of her participation in the ARD program. ***See*** Johnson's Brief at 17. She notes her testimony during the hearing revealed her only income was $800 per month from odd jobs and $200 per month in food stamps, although she also indicated she receives financial help from her parents and boyfriend. ***See id.*** Moreover, she testified her monthly expenses were $700 for rent, $225 for cell phone service, $80 for internet and television, $30 for student loans, and $35 for a court fine. ***See id.*** Further, she explained she supports two daughters, ages 20 and four, without child support. ***See id.*** While Johnson also acknowledged that she spends an additional $110 per month on cigarettes and alcohol, she argues her ability to pay the ARD costs should not be "decided on whether she has *any* personal expenses" or whether she has family or friends who can help her pay expenses. ***Id.*** at 18. Rather, she claims, her testimony "included justifiable expenses, under anyone's judgment, that eclipsed the amount of income she has." ***Id.*** Therefore, she asserts, the trial court abused its discretion in refusing to reduce the administrative cost of ARD.

The trial court, however, disagreed, opining:

Here, [Johnson] claims that the typical condition that she pay the standard fee of $1795[5] is unreasonable. At the June 22, 2015, hearing it was determined that [Johnson] was a college graduate [who] was currently starting her own business. [Johnson] has split custody of [two] children, with a 20 year old and four year old residing with her. [Johnson] was doing odd jobs to have a monthly income of $800. [Johnson] had monthly bills of $30 for student loans; $225 for her and her 20-year-old daughter's cell phone; and $80 for internet at her home. It was also determined that [Johnson] spent $25 per week on cigarettes and $10 a month on alcohol. [Johnson] makes no car payments as she owns her car outright and receives food stamps. With the exception of the student loans, all of those expenses are discretionary. No testimony was offered to suggest [Johnson] has any disability that would preclude her from seeking or obtaining more gainful employment.

_____

[5] The Adams County District Attorney's office offered [Johnson] ARD for a 9 month period. Her payments break down to roughly $199 per month.

_____

Further, there is no entitlement to be allowed to participate in a discretionary program like ARD. While it might be financially challenging for her, [Johnson] nonetheless has available funds to pay the standard costs associated with the ARD program, but chooses to prioritize extra amenities over participation in this diversionary program. [Johnson's] alleged inability to pay the standard fees and costs of the ARD program is more a desire not to pay than an inability to pay.

Trial Court Opinion, 10/6/2015, at 3.

We detect no abuse of discretion on the part of the trial court. Although Johnson's monthly expenses appear to greatly exceed her income, we agree with the conclusion of the trial court that a large percentage of those expenses are discretionary. We remind Johnson that "[a]n abuse of

discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law." ***Commonwealth v. Lepre***, 18 A.3d 1225, 1226-1227 (Pa. Super. 2011). Here, she failed to demonstrate the court's ruling was an abuse of discretion.

Judgment of sentence affirmed.

Judge Shogan joins this memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/8/2016</u>