J-S60020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIEL ISHAM PITTMAN | |
| Appellant | No. 3393 EDA 2015 |

Appeal from the PCRA Order October 28, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000304-1998

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 06, 2017**

Gabriel Isham Pittman appeals, *pro se*, from the order entered October 28, 2015, in the Lehigh County Court of Common Pleas dismissing, as untimely filed, his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Pittman seeks relief from the judgment of sentence of an aggregate term of 26 to 59 years' imprisonment, imposed August 19, 1998, following his guilty plea to charges of third-degree murder, recklessly endangering another person, and carrying a firearm without a license, and his plea of *nolo contendere* to one count of aggravated assault.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S. §§ 2502(c), 2705, 6106, and 2702(a)(6), respectively.

On appeal, Pittman contends the jurisdictional timing provisions of the PCRA are unconstitutional. For the reasons below, we affirm.

The facts underlying Pittman's guilty plea are well-known to the parties, and we need not recite them herein. In July of 1999, a panel of this Court affirmed Pittman's sentence on direct appeal, and the Pennsylvania Supreme Court subsequently denied his request for allowance of appeal. *See Commonwealth v. Pittman*, 737 A.2d 272 (Pa. Super. 1999), *appeal denied*, 747 A.2d 899 (Pa. 1999). Since that time, Pittman has filed numerous appeals seeking review of the trial court's repeated denials of both PCRA and *habeas corpus* relief. None of them has provided him relief. *See Commonwealth v. Pittman*, 797 A.2d 1024 (Pa. Super. 2002) (unpublished memorandum) (affirming denial of PCRA relief based upon claims of ineffective assistance of counsel); *Commonwealth v. Pittman*, 907 A.2d 1136 (Pa. Super. 2006) (unpublished memorandum) (affirming denial of untimely collateral petition; PCRA court properly construed *habeas corpus* petition to be PCRA petition); *Commonwealth v. Pittman*, 927 A.2d 656 (Pa. Super. 2007) (unpublished memorandum) (affirming denial of third PCRA petition as untimely filed); *Commonwelath v. Pittman*, 82 A.3d 1085 (Pa. Super. 2013) (unpublished memorandum) (affirming denial of fourth PCRA petition as untimely filed), *appeal denied*, 85 A.3d 483 (Pa. 2014); *Pittman v. Pa. DOC*, 118 A.3d 442 (Pa. Super. 2015) (unpublished judgment order) (affirming dismissal of *habeas corpus* petition while petition

seeking allocatur review of prior appeal was pending in the Supreme Court; trial court properly construed filing as serial PCRA petition).

On September 21, 2015, Pittman filed the instant *pro se* PCRA petition, his sixth. On September 30, 2015, the PCRA court issued notice of its intent to dismiss the petition as untimely filed without first conducting an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. Pittman filed a response to the court's notice, claiming the timing provisions of the PCRA are unconstitutional. On October 28, 2015, the court dismissed Pittman's petition as untimely filed. This appeal followed.[3]

Pittman frames his sole issue on appeal as follows:

> Does 42 Pa.C.S.A. § 9545(b)(1) in itself violate the Suspension Clause, and as interpreted as a jurisdictional bar, and as enforced as the same, violate the due process and equal protection clauses of the U.S. Constitution?

Pittman's Brief at 2.

When considering an appeal from an order denying PCRA relief,

> [o]ur standard of review … is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

---

[3] Contemporaneous with his notice of appeal, Pittman filed a concise statement of error complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Here, the PCRA court determined Pittman's petition was untimely filed, and Pittman failed to plead and prove any of the time-for-filing exceptions. *See* Order, 10/28/2015, at 3-4. We agree. The PCRA mandates that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Here, Pittman's judgment of sentence became final on March 19, 2000, 90 days after the Pennsylvania Supreme Court denied *allocatur* review in his direct appeal and he failed to petition for a writ of *certiorari* in the United States Supreme Court. *See Pittman*, *supra*, 907 A.2d 1136 (unpublished memorandum at 4-5). Therefore, the present petition, filed more than 15 years later, is patently untimely.

Nevertheless, the PCRA provides three exceptions to the one-year timing provision. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). If a petitioner pleads and proves the applicability of one of the exceptions, his otherwise untimely petition is not time-barred. *See id.* While Pittman invoked the governmental interference exception[4] in his *pro se* petition, he does not repeat that argument in his brief. Rather, on appeal, Pittman contends the one-year time limitation of the PCRA is unconstitutional. *See* Pittman's Brief

---

[4] *See* 42 Pa.C.S. § 9545(b)(i) (providing exception to one-year filing requirement if the petitioner pleads and proves "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States").

- 4 -

at 5. Specifically, he claims the time-bar provision violates the Suspension Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution.[5]

First, Pittman argues the time restriction violates the Suspension Clause found in Article I, Section 9, Clause 2 of the Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Pittman asserts that because the PCRA provides an "equivalent" state right to *habeas corpus* review, the state is not permitted to impair that right by imposing jurisdictional time limits. Pittman's Brief at 7. However, the Pennsylvania Supreme Court rejected a similar claim in **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998).

In **Peterkin**, the petitioner argued the time limitations "upon [his] access to the PCRA [were] invalid because they [were] unconstitutional." **Id.** at 642. However, the **Peterkin** Court emphasized: "It is axiomatic that no constitutional rights are absolute. All rights are subject to reasonable restrictions." **Id.** The Court held the PCRA's one-year timing requirement was a reasonable restriction on a defendant's right to collateral relief:

_____

[5] We note that Pittman's argument in his *pro se* brief is confusing, and at times, incomprehensible. It is well-established that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251–252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

> With the 1995 amendments to the PCRA, the General Assembly has established a scheme in which PCRA petitions are to be accorded finality. With certain exceptions, challenges to a conviction must be raised either within one year of final judgment or within one year of the effective date of the act. Because the one-year period within which petitions normally must be filed is sufficiently generous to prepare even the most difficult case, and because the exceptions to this filing period encompass government misconduct, after-discovered evidence, and constitutional changes, we have no difficulty in concluding that the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit Peterkin's constitutional right to habeas corpus relief. At some point litigation must come to an end. The purpose of law is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction. The current PCRA places time limitations on such claims of error, and in so doing, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction.

*Id.* at 642–643. Accordingly, Pittman's claim that the PCRA's time restrictions violate the Suspension Clause is meritless. His right to *habeas corpus* relief has not been "suspended" by the implementation of the time limitations.

Pittman also contends Section 9545 violates his due process and equal protection rights. He states:

> [T]he one-year time limit, implemented without state constitutional authority and in violation of Article 5, Section 10(c) which grants the state supreme court with exclusive rule making authority over procedural court matters … violates the substantive right to unimpaired and unsuspended access to habeas corpus process pursuant to Article I, Section 9, Clause 2 of the U.S. Constitution and Article I, Section 14 of the state constitution, as well as procedural due process under the Fourteenth Amendment and state constitution.

- 6 -

Pittman's Brief at 8-9 (internal citations omitted).

Again, we find he is entitled to no relief. Pittman insists the Legislature had no authority to enact the timing provisions of the PCRA because Article 5, Section 10(c) of the Pennsylvania Constitution provides the Pennsylvania Supreme Court "with exclusive rule making authority over procedural court matters[.]"[6] *Id.* at 8. However, the Pennsylvania Supreme Court has rejected this assertion, albeit in *dicta*, in *In re Suspension of Capital Unitary Review Act*, 722 A.2d 676 (Pa. 1999). In that case, the

---

[6] Article V, Section 10 provides, in relevant part:

> The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the Judicial Branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions. Notwithstanding the provisions of this section, the General Assembly may by statute provide for the manner of testimony of child victims or child material witnesses in criminal proceedings, including the use of videotaped depositions or testimony by closed-circuit television.

PA Const. Art. V, § 10(c).

Court denied reconsideration of its decision to suspend the Capital Unitary Review Act ("CURA"), 42 Pa.C.S. §§ 9570-9579. *Id.* at 676. The Court concluded that CURA, which "purported to prescribe, with specificity, a detailed procedure by which courts were to administer capital cases," was inconsistent with both the Pennsylvania Rules of Appellate Procedure and the Pennsylvania Rules of Criminal Procedure promulgated by the Court. *Id.* at 677, 678. The Court also found the problem of undue delay in death penalty cases, which CURA attempted to correct, was "effectively eliminate[d]" by both Section 9545(b) and 42 Pa.C.S. § 9771(j).[7] In a footnote, however, the Court concisely stated: "Neither section 9545(b) nor section 9711(j) poses a problem under Article V, Section 10, since neither enactment conflicts with a pre-existing procedural rule of this Court." *Id.* at 679 n.1. Accordingly, Pittman's claim fails.

Furthermore, to the extent Pittman asserts Section 9545 interferes with his right to procedural due process, the Supreme Court rejected that argument in *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999):

> With passage of the amendments to the PCRA, Appellant and his counsel were made aware of the PCRA's jurisdictional time restrictions. Thus, Appellant had adequate notice of the requirements of the PCRA. In his petition and on appeal to this court, Appellant had the opportunity to bring his petition within the parameters of the jurisdictional requirements of the PCRA,

---

[7] 42 Pa.C.S. § 9711(j) outlined the procedures for the issuance of a death warrant by the Governor. It has since been repealed, and those procedures are now codified at 61 Pa.C.S. § 4302.

yet was unable to advance his claims accordingly. Thus, Appellant's procedural due process rights were not violated.

*Id.* at 220. Moreover, with respect to Pittman's claim that the jurisdictional timing restrictions of the PCRA violate his right to equal protection under the law, we find his argument convoluted and his citations to civil decisions of the United States Supreme Court irrelevant. *See* Pittman's Brief at 10-15. As the Pennsylvania Supreme Court explained in *Commonwealth v. Albert*, 758 A.2d 1149 (Pa. 2000):

> The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law.

*Id.* at 1151 (citations omitted). Pittman fails to explain how he is treated differently than "like persons in like circumstances" as a result of the timing restrictions. *Id.* Accordingly, his arguments are unavailing.

Because we find Pittman's serial PCRA petition is untimely filed, and he has failed to prove that the timing provisions of the PCRA are unconstitutional, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2017

- 9 -