J-A12022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT D. KLING | : | |
| | : | |
| Appellant | : | No. 1338 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 23, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003366-2019

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: SEPTEMBER 17, 2021**

Robert D. Kling appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his conviction for failing to verify his address in accordance with his sex offender registration requirements, in violation of 18 Pa.C.S. § 4915.2(a)(2).[1] After careful review, we affirm.

---

[1] Section 4915.2(a)(2) provides, as follows:

> **(a) Offense defined.**--An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:
>
> > (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.56 (relating to registration procedures and applicability);

*(Footnote Continued Next Page)*

On January 15, 2008, Kling entered a guilty plea to rape of a five-year-old child; his offenses occurred between January 2004 and December 2004. At sentencing, Kling signed a Notification of Requirement of Registration of Sexual Offenders, acknowledging that he was **a Tier III offender** under the Sexual Offenders Registration and Notification Act (SORNA II)[2] and **subject to lifetime registration**.[3]

---

**(2) verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence)**; or

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.56 or verifying a residence under 42 Pa.C.S. § 9799.60.

18 Pa.C.S. § 4915.2(a)(2)(1)-(3) (emphasis added).

[2] 42 Pa.C.S. §§ 9799.10-9799.75. The Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired. Pursuant to SORNA II, Kling's conviction for rape of a child is a Subchapter I offense requiring lifetime registration. *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(A).

[3] Kling signed the Notification of Requirement of Registration of Sexual Offenders on April 28, 2008. *See* N.T. Bench Trial, 8/25/20, at 685 (Commonwealth's Exhibit No. 5).

The Commonwealth presented the following evidence. After his release from incarceration, Kling initially registered on April 8, 2014. In July of 2019, following an investigation by the Central Berks Police Department, the Reading Police Department, and the Pennsylvania State Police (PSP), Kling was charged with failing to comply with registration requirements, in violation of section 4915.2(a)(2) (failure to comply with 42 Pa.C.S. Ch. 97 Subch. I Registration Requirements).[4] The investigation revealed that Kling had rented a residence located at 2460 Grandview Avenue, Reading, Berks County, PA, from April 3, 2019 to July 24, 2019. The property manager of that residence reported to Central Berks Regional Police Department that he believed Kling was in violation of his registration requirements. N.T. Bench Trial, 8/25/20, at 21-22, 103. Detective Ronald Linderman of Central Berks Regional Police Department followed up on that report, contacted the PSP, and confirmed that Kling was not in compliance. *Id.* at 9, 17. Kling's last registration, dated March 27, 2018, listed his current address as 713 Walnut Street, Reading, PA. *Id.* at 270, (Commonwealth's Exhibit No. 4, at p. 167). He was required, therefore, to verify his information in the ten days leading up to his April 8

---

[4] In February of 2018, the General Assembly added Subchapter I regarding sexual offenders who committed offenses before December 20, 2012, *see* 42 Pa.C.S. § 9799.51-9799.75, and created a new failure to register provision for offenders required to register as required under Subchapter I. *See* 18 Pa.C.S. § 4915.2. **Currently, and applicable to Kling, this section applies to an individual who committed an offense set forth in 42 Pa.C.S. § 9799.55 on or after April 22, 1996, but before December 20, 2012, and whose period of registration under 42 Pa.C.S. § 9799.55 has not expired**. 18 Pa.C.S. § 4915.2(f).

anniversary date, between March 29, 2019 and April 7, 2019.  Kling failed to do so.  Kling did not report at any time between October 18, 2018 and July 24, 2019.  *Id.* at 45.

On May 7, 2019, the PSP sent a letter to Kling at his registered address, *see infra* at 14, informing him of his lifetime registration status, that he was required **to verify his registration information annually during the 10 days leading up to his April 8 anniversary date**, the date of his initial registration, and that he was required to report a change in residence within three business days of the change.  *Id.* at 50, 179, 709.  Detective Linderman also learned that Kling was going to be evicted from the 2460 Grandview Avenue address.  Detective Linderman went to the local district judge's office and confirmed this fact.  *Id.* at 13-14.  He testified that once he received that information and confirmed that Kling did not comply with his registration requirements, he filed charges and arrested Kling on July 24, 2019.  *Id.* at 15, 19, 45.

At the conclusion of Kling's August 25, 2020 bench trial, the Honorable M. Theresa Johnson convicted Kling of violating section 4915.2(a)(2) of the Crimes Code.  On September 23, 2020, the court sentenced him to 27 to 72 months' incarceration.  Kling filed  a post-sentence motion, which the court denied, and this timely appeal followed.  Both Kling and the trial court have complied with Pa.R.A.P. 1925.

Kling raises the following issues on appeal:

1. Whether [Kling's] conviction was based on unconstitutionally vague statutory provisions, as they do not define the offense they purport to criminalize with sufficient definiteness that ordinary people can understand what conduct is prohibited, thereby making arbitrary and discriminatory enforcement inevitable?

2. Whether the evidence presented at trial was legally insufficient to sustain a conviction of failing to comply with SORNA's Subchapter I registration requirements, where the conviction was primarily based on a supposed failure to discharge a phantom obligation that the statute in question does not in fact impose on sex offenders; and where, moreover, the Commonwealth neither established when [Kling's] annual verification date was, nor that he ever missed it, nor that he missed it knowingly?

3. Whether [Kling's] conviction was against the weight of the evidence, where, inter alia, the Commonwealth alleged not one fact tending to show that [Kling's] registration anniversary was between April 3, and July 24, 2019, and did not rebut [Kling's] avowed lack of knowledge and reasonable disbelief that he had any such deadline during that period?

Appellant's Brief, at 7-8[5] (reordered for ease of disposition).

Kling first argues his conviction is based on an unconstitutionally vague statute. He argues section 4915.2(a)(2) does not define what conduct is prohibited with sufficient definiteness such that ordinary people can understand and that it encourages arbitrary and discrimination enforcement. *See Commonwealth v. Herman*, 161 A.3d 194, 204 (Pa. 2017); *Commonwealth v. Berry*, 167 A.3d 100, 108 (Pa. Super. 2017). We disagree.

---

[5] Appellant's brief is not paginated. The quoted language appears at pages seven and eight, counting the first page after the table of contents and table of citations as page 1.

A challenge to the constitutionality of a statute is a question of law. *See Commonwealth v. Atwell*, 785 A.2d 123, 125 (Pa. Super. 2001). Our consideration of questions of law is plenary. *Id.* A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. *See Commonwealth v. Etheredge*, 794 A.2d 391, 396 (Pa. Super. 2002) (citations omitted). Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion. *Id.*

Under the void-for-vagueness standard, a statute will only be found unconstitutional if it is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Commonwealth v. Cotto*, 753 A.2d 217, 220 (Pa. 2000) (quotations omitted). A statute will survive a vagueness challenge if it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Commonwealth v. Bullock*, 913 A.2d 207, 212 (Pa. 2006).

Section 4915.2(a)(2) of the Criminal Code provides:

**(a)** Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.55**(a), (a.1) or **(b)** (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) **commits an offense if the individual knowingly fails to:**

* * *

- 6 -

> (2) **verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence)[.]**

18 Pa.C.S. § 4915.2(a)(2) (emphasis added).

Section 9799.60 (relating to verification of residence), states:

> (b) **Annual verification by offenders**.--The Pennsylvania State Police shall verify the residence of offenders. **For the period of registration required by section 9799.55, an offender shall appear within 10 days before each annual anniversary date of the offender's initial registration under section 9799.55 at an approved registration site to complete a verification form** and to be photographed.

42 Pa.C.S. § 9799.60(b).

Subchapter I, applicable here, requires offenders, upon their release from incarceration, to provide the PSP with information about their current or intended residences, employment, and enrollment as a student. 42 Pa.C.S. § 9799.56(a)(1). Offenders **must "appear within 10 days before each annual anniversary date of [their] initial registration . . . at an approved registration site to complete a verification form** and to be photographed." *Id.* at § 9799.60(b) (emphasis added). Offenders who fail to comply with the registration and verification provisions "may be subject to prosecution under [section 4915.2 of the Crimes Code,] 18 Pa. C.S. § 4915.2

- 7 -

(relating to failure to comply with 42 Pa.C.S. Ch. 97 Subch. I registration requirements)." 42 Pa.C.S. §§ 9799.56(d), 9799.60(e).[6]

Pursuant to section 9799.55(b), Kling is subject to lifetime registration. *See* 42 Pa.C.S. § 9799.55(b)(2)(i)(A) (individuals convicted of rape, 18 Pa.C.S. § 3121, in this Commonwealth shall be subject to lifetime registration, if offense committed on or after April 22, 1996, but before December 20, 2012). As indicated above, section 9799.60 (Registration Procedures and Applicability) states that offenders are required to appear annually within the ten days prior to their registration anniversary date to **verify** their information. *See* 42 Pa.C.S. § 9799.60(b); *see also* 42 Pa.C.S. § 9799.56(d) ("**Penalty**.-An individual subject to registration under this subchapter who fails to register with the Pennsylvania State Police as required by this section may be subject to prosecution under 18 Pa.C.S. § 4915.2 (relating to failure to comply with 42 Pa.C.S. Ch. 97 Subch. I registration requirements)).

Kling contends the terms "registration" and "verification" in the statute are imprecise and inconsistent. We disagree. The statute is clear that

---

[6] In addition, offenders must notify the PSP "within three business days of" any changes in residence, employment or employment location, or enrollment status in an educational institution. 42 Pa.C.S. § 9799.56(a)(2). Subchapter I does not require that the offender must appear in person to satisfy this obligation. 42 Pa.C.S. § 9799.56(a)(2). Here, in addition to failing to comply with annual verification requirements, Kling failed to notify the PSP of his change of address within three business days in accordance with section 9799.56(a)(2). The Commonwealth, however, did not charge Kling under section 4915.2(a)(1) (an individual who fails to comply with the 3-day notice requirement commits the offense of failure to comply with registration requirements under 18 Pa.C.S. § 4915.2**(a)(1)**). Kling was charged with violating section 4915.2**(a)(2).**

offenders are required to appear annually to verify their information within the ten days leading up to the offender's anniversary date of initial registration. Kling's anniversary date is April 8, as his initial registration date was April 8, 2014. *See* N.T. Bench Trial, supra at 380 (Commonwealth's Exhibit 4, at p. 277). In order comply with Subchapter I's registration requirements, Kling was required to appear annually to verify his information between March 29 and April 7. We do not find an ordinary person would have a difficult time understanding the annual verification requirement, or that failure to comply with the annual verification requirement is the conduct the statute prohibits.

Kling also argues section 9799.60 of the Judicial Code is vague because its mandate is to the PSP, not to offenders. Section 9799.60(d) provides:

> **(d) Failure to provide verification**.--**Where an offender or sexually violent predator fails to provide verification of residence defined in paragraph (1) of the definition of "residence" in section 9799.53 within the 10-day period** or three business days in the case of an offender or sexually violent predator who has a residence as defined in paragraph (2) of the definition of "residence" in section 9799.53, as specified in this section, **the Pennsylvania State Police shall immediately notify the municipal police department of the offender's or the sexually violent predator's last verified residence. The local municipal police shall locate the offender or sexually violent predator and arrest the individual for violating this section**. The Pennsylvania State Police shall assume responsibility for locating and arresting the offender or sexually violent predator in jurisdictions where no municipal police jurisdiction exists. The Pennsylvania State Police shall assist a municipal police department requesting assistance with locating and arresting an offender or sexually violent predator who fails to verify the offender's or sexually violent predator's residence.

42 Pa.C.S. § 9799.60(d) (emphasis added). Kling is correct that the PSP is required to notify the local police department of an offender's last verified residence. That requirement, however, does not obviate section 9799.60(b), which mandates that offenders appear annually within the ten days leading up to their registration anniversary date 42 Pa.C.S. § 9799.60(b) (offenders "**shall appear**" for annual verification).

Kling has not met his burden of establishing the statute is unconstitutionally void for vagueness. We conclude that the statute gives fair notice of the proscribed conduct and does not allow for arbitrary enforcement. *See Herman*, *supra*.

Next, Kling contends that the evidence was insufficient to establish that he violated section 4951.2(a)(2) of the Crimes Code. Kling is not entitled to relief.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (footnotes and citations omitted). Further, "the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–26 (Pa. Super. 2016).

- 10 -

Kling argues the Commonwealth failed to establish he violated section 4915.2(a)(2), claiming "the Commonwealth elicited zero evidence regarding the true date of [his] anniversary–the quintessential 'attendant-circumstance' element of the crime." Appellant's Brief, at 25. This claim is belied by the record.

The record indicates that Kling's initial registration occurred on April 8, 2014. *See* N.T. Bench Trial, *supra* at 709 (Commonwealth's Exhibit No. 10, at p. 2). This evidence was introduced in the Commonwealth's case in chief. Additionally, the Commonwealth presented the testimony of Corporal John Becker of the Pennsylvania State Police, a crime unit supervisor and liaison with the Sex Offender Registry. Corporal Becker testified that "April 8th []was [Kling's] anniversary date." *Id.* at 50.

Kling also claims he believed he was no longer required to register because his probation officer, Jason Snider, told him he "no longer had to register." *Id.* at 85. However, on April 28, 2008, Kling signed his Notification of Requirement of Registration of Sexual Offenders, *see id.* at 685 (Commonwealth's Exhibit No. 5), which explicitly stated he was required to register for "life." Moreover, on April 11, 2014, Kling was notified by letter from the Pennsylvania State Police that his registration information had been confirmed and that he now appeared on the Megan's Law Registry. *See id.* at 614 (Commonwealth's Exhibit No. 4). That letter stated, in relevant part:

> **[Y]our sexual offender classification is Tier 3. This designation requires that you register as a sexual offender with the Pennsylvania State Police for Lifetime**.

Furthermore, you are required to verify your registration Every 3 Months at an approved registration site during the ten days before the following date(s) each year:

8- Jul
8- Oct
8- Jan
8-  Apr

*Id.* (emphasis added).

On March 19, 2018, the PSP sent a letter to Kling at his 1435 Perkimen

Avenue, Reading, PA address.  That letter stated, in relevant part:

Recently, Governor Tom Wolf signed into law Act 10 of 2018, which makes significant changes to Pennsylvania's sexual offender registration requirements under 42 Pa.C.S., Chapter 97.  You have been identified as a sexual offender who may be affected by these changes.  You are required to report to an approved registration site to be photographed, fingerprinted, and to provide/verify your residence (including temporary residence), employment, school information, and any other information required by Act. 10.

**In order to comply with Act 10, you must have an appearance date between February 22, 2018 and May 22, 2018.  YOU MUST APPEAR NO LATER THAN May 22, 2018.**

After this initial registration, you will be required to report to the Pennsylvania State Police any changes in residency within three business days of the change[.] . . . After you report by May 22, 2018, you will be in compliance with your initial registration requirement under Act 10.  The Pennsylvania State Police will also credit this as your annual (once per year) verification for calendar year 2018[.]  You will thereafter be required to appear at an approved registration site annually, and you will be notified of your next appearance date in calendar year 2019.  The Megan's Law Section will send you notice by First Class United States mail to your last reported address to remind you of your annual verification requirement, and provide you with a list of approved registration sites.

*Id.* at 686 (Commonwealth's Exhibit 6) (emphasis in original). On March 27, 2018, Kling appeared and registered. *See id.* at 689 (Commonwealth's Exhibit 7, at p. 2). This registration, in compliance with Act 10, was signed by Kling and the agent who took the information. *Id.* at 42.

On March 25, 2019, The Pennsylvania State Police sent a letter to Kling, addressed to his 713 Walnut Street, Reading, PA address, informing Kling of his registration/verification obligations. The letter states, in relevant part, that compliance with Act 10, Subchapter I

> requires sexual offenders to periodically verify their information in-person with the Pennsylvania State Police. This correspondence is being sent to advise you it is time to verify your address[.] Should you have any questions pertaining to your responsibility to verify your information, contact the Megan's Law Section at 1-866-771-3170.
>
> **You must report to an approved registration/verification site with this form during the following period:**
>
> **March 29, 2019 to April 7, 2019.**

*Id.* at 708 (Commonwealth's Exhibit 9). Corporal Becker testified that this was a standard form sent out upon completion of a "*Muniz*[7] review" notifying

_____

[7] *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), cert. denied, *Pennsylvania v. Muniz*, --- U.S. ---, 138 S.Ct. 925 (2018) (holding retroactive application of SORNA I violated ex post facto clause). In response to *Muniz*, the General Assembly passed amending acts, Act 10 and Act 29 of 2018 (SORNA II), which divided sexual offender registrants into two categories: Subchapter H, applicable to individuals whose offenses occurred on or after December 20, 2012, and Subchapter I, applicable to those whose offenses occurred on or after April 22, 1996, but before December 20, 2012, and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not
*(Footnote Continued Next Page)*

the offender that he was **still required to register for lifetime** and explaining the registration/verification requirements. ***Id.*** at 23, 48. Corporal Becker explained that a "Muniz review" was granted to all registrants who had a conviction prior to 2018. ***Id.*** at 38.

On May 7, 2019, following the "***Muniz*** review," the Pennsylvania State Police sent Kling another letter, addressed to his 713 Walnut Street, Reading, PA address, confirming Kling's sexual offender registration information and stating, in bold type:

> **Additionally, your sexual offender classification is Lifetime. You are required to register as a sexual offender with the Pennsylvania State Police for Lifetime. Furthermore, you are required to verify your registration information Every 12 Months at an approved registration site during the ten days before the following dates(s) each year:**
>
> **8-Apr**[8]

***Id.*** at 709 (Commonwealth's Exhibit 10) (emphasis in original).

Although the Commonwealth states in its brief that the March 27, 2018 registration and the October 18, 2018 registration "documents also inexplicably list Kling as a Tier I violator (15-year reporting requirement), instead of the correct Tier III designation (lifetime reporting requirement[]),"

---

expired. 42 Pa.C.S. § 9799.52. Corporal Becker explained that following ***Muniz***, and in order to comply with Act 10, about 25,000 sex offenders' cases (sex offenders convicted prior to 2018) had to be reviewed. ***See*** N.T. Bench Trial, ***supra*** at 30-32, 38-39.

[8] Subchapter I offenders are now required to report in person annually, rather than quarterly. ***See*** 42 Pa.C.S. § 9799.60(b). ***See also Commonwealth v. Lacombe***, 234 A.3d 602, 619 (Pa. 2020).

*see* Commonwealth's Brief, at 6, citing N.T. Bench Trial, *supra* at 689, 695 (Commonwealth's Exhibit No. 7 and No. 8), our review of the record indicates otherwise.  On the March 27, 2018 registration and the October 18, 2018 registration, both of which Kling signed, **the correct Tier III designation was marked with an "x."  *See id.*** at 689 (Commonwealth's Exhibit No. 7, at p. 2, box d); *id.* at 695 (Commonwealth's Exhibit No. 8, at p. 2, box d). Additionally, **the same Tier III box was marked on Kling's 2017 registration, which he signed on April 6, 2017**.  *See id.* at 394 (Commonwealth's Exhibit No. 4, at p. 290, box d).  The specific box the Commonwealth points to in the March 27, 2018 registration and the October 18, 2018 registration documents, box 5, reads:

> You should have been informed of your sentencing requirements by your sentencing court.  NOTE: the terms of your registration, including Tier, Ten-Year, **or Lifetime** designation and length of registration are mandated by statute and are not part of your criminal sentence.  If the court failed to inform you of your registration requirements (or incorrectly informed you of the same) this does not relieve you of your obligation to register as a sexual offender in accordance with the requirements of Megan's Law.

*Id.* at 689, 695 (Commonwealth's Exhibit No. 7, at p. 2, box d; Commonwealth's Exhibit No. 8, at p. 2, box d) (emphasis added).[9]

Notably, the March 15, 2018 registration form *did* mistakenly identify Kling's offender type as Tier I and his registration period as 15 years.  *Id*. at

---

[9] We note also that the Commonwealth's brief incorrectly refers to the March 27, 2018 registration as March 19, 2018.

293, (Commonwealth's exhibit No. 4, at p. 190). However, as indicated above, the forms Kling signed subsequent to that date, on March 27, 2018 and October 18, 2018, as well as the subsequent May 7, 2019 letter, all indicate the correct Tier III designation. Further, the registrations Kling signed clearly informed him that he was responsible for knowing his correct designation, for correcting any mistakes on the form, and that any mistakes did not relieve him of his reporting requirements under the law. *Id.* at 689, 695 (Commonwealth's Exhibits No. 7 and 8, box 6).

Although Kling pleads mistake of fact in light of his claim that his probation officer informed him he was no longer required to register, the Commonwealth's evidence was sufficient to establish that Kling's registration anniversary date was April 8th and that Kling was required to register for life. The court clearly did not find credible Kling's testimony that he believed he was no longer required to register.[10]

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that it was reasonable to infer that Kling was aware of the applicable registration and reporting requirements, and that he was subject to those requirements due to his 2008 rape conviction. Accordingly, we conclude the evidence was sufficient to establish that Kling knew or should have known of his registration and reporting requirements,

_____

[10] Though the defense has no burden here, it is noteworthy that the defense neither offered the testimony of Kling's probation officer, nor did it offer any documentation that would indicate Kling was relieved of his registration obligations.

and that he failed to comply with those requirements in violation of section 4915.2(a)(2).

Lastly, Kling claims the verdict was against the weight of the evidence. This claim, too, is meritless.

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019).

> Resolving conflicts in the testimony is the responsibility of the fact-finder and we may not substitute our judgment for that of the trier of fact. [W]e must give the gravest consideration to the trial court's conclusion because it is the trial court, not the appellate court, that had the opportunity to hear and see the evidence presented. Furthermore, a defendant will only prevail on a challenge to the weight of the evidence when the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Cramer*, 195 A.3d 594, 600-01 (Pa. Super. 2018). Moreover, when the trial court has ruled on the weight of the evidence claim, this court's role is limited to determining whether the trial court palpably abused its discretion. *Commonwealth v. Champney*, 832 A2d 403, 408 (Pa. 2003).

In his challenge to the weight of the evidence, Kling again insists the Commonwealth did not present evidence to establish his anniversary date. The trial court stated that it assessed the evidence and the witnesses and

determined the prosecution's evidence was believable. Kling has failed to establish the court palpably abused its discretion. *Id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2021