J-S40026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK SHERMAN | : | |
| | : | |
| Appellant | : | No. 305 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 20, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002193-2021

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.*

JUDGMENT ORDER BY SULLIVAN, J.:        **FILED APRIL 17, 2024**

Frank Sherman ("Sherman") appeals from the judgment of sentence following his guilty plea to failure to comply with sexual offender registration requirements.[1] We affirm.

In April 2022, Sherman entered an open guilty plea to failure to comply with the requirement he register with the Pennsylvania State Police ("PSP") pursuant to subchapter I of the Sexual Offender Registration and Notification Act ("SORNA"), from a prior conviction for sexual offenses against children. *See* N.T., 7/20/22, at 8. In July 2022, the court convened a sentencing hearing and sentenced Sherman to a standard-range sentence of thirty to one-hundred-and-twenty months of imprisonment. *See id*. at 3, 6, 22.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 4915.2(a)(1).

Sherman filed a timely post-sentence motion challenging the discretionary aspects of sentence. In August 2022, he filed a supplemental post-sentence motion in response to the Chester County Court of Common Pleas' 2022 declaration in **Commonwealth v. Torsilieri**, No. CP-15-CR-1570-2016, on remand from the Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) ("**Torsilieri I**"), arguing the registration requirements of **subchapter H** of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42, are unconstitutional.[2] In September 2022, the court held a hearing on Sherman's post-sentence motion.[3] At the hearing, Sherman asserted his post-sentence motion presented a legal question that did not require testimony or evidence. **See** Sherman's Brief at 7. On December 13, 2022, the court ruled Sherman pled guilty to a subchapter I, not a subchapter H, offense, and even if subchapter H applied, Sherman failed to develop an evidentiary record at the hearing on his motion, defeating his challenge. **See** Order of Court, 12/13/22, at 2-8.

Sherman filed a timely notice of appeal and he and the trial court complied with Pa.R.A.P. 1925.

---

[2] The Commonwealth's appeal of the Common Pleas Court decision is currently before the Pennsylvania Supreme Court. **See Commonwealth v. Torsilieri**, 97 MAP 2022 ("**Torsilieri II**).

[3] The transcript of the hearing is not in the certified record on appeal, although Sherman appears to have requested its transcription. Given Sherman's assertions about the contents of that hearing, we can adjudicate his claim without that transcript.

On appeal, Sherman presents the following issues for our review:

a. Should this matter be remanded to the trial court to permit the defense to develop a factual record with scientific evidence to challenge SORNA's policy determinations that (1) all sex offenders pose a high risk of recidivism and (2) the tier-based registration system protects the public from this purported danger?

b. Alternatively, should the Court defer its resolution of this matter pending a definitive ruling by the Pennsylvania Supreme Court on these issues?

Sherman's Brief at 4.

In a single, combined argument, Sherman concedes he plead guilty to violating his **subchapter I** reporting requirements but asserts this Court should remand to allow the development of a record or stay its decision pending a ruling by the Supreme Court on the constitutionality of **subchapter H, which he equates to subchapter I**.  **See** Sherman's Brief at 11-14.

A challenge to the constitutionality of a statute presents a question of law.  **See Commonwealth v. Atwell**, 785 A.2d 123, 125 (Pa. Super. 2001). A statute is presumed constitutional and will not be deemed unconstitutional unless it clearly, palpably, and plainly violates the constitution.  **See Commonwealth v. Papp**, 305 A.3d 62, 70 (Pa. Super. 2023).   A party challenging a statute's constitutionality must satisfy a heavy burden of persuasion.  **See id**.

The trial court held Sherman pled guilty to failing to report pursuant to subchapter I, not subchapter H, and in any event, Sherman expressly declined

to present evidence to support a subchapter H challenge. **See** Trial Court Order, 12/13/22, at 2-8.

We affirm Sherman's judgment of sentence. In **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), our Supreme Court rejected a challenge to the constitutionality of subchapter I's registration requirements. **See id**. at 626-27. Sherman concedes he pled to violating the registration requirements of **subchapter I**, not **subchapter H**. **See** Sherman's Brief at 10. Notably, Sherman does not mention **Lacombe** on appeal or dispute **subchapter I** governs his reporting obligations.

Additionally, this Court has repeatedly rejected a claim that subchapter I creates an irrebuttable presumption of recidivism. **See Commonwealth v. Smith**, 276 A.3d 206 (unpublished memorandum, March 1, 2022, at *4),[4] citing **Commonwealth v. Spears**, Nos. 2424 & 2439 EDA 2019 (unpublished memorandum) (explaining, *inter alia*, subchapter I does not create an irrebuttable presumption of recidivism). Sherman's claim thus fails on its face.

Judgment of sentence affirmed.

---

[4] **See** Pa.R.A.P. 126(b)(1)-(2) (stating non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/17/2024</u>